Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank Gregory Casella (SBN 301494)
fcasella@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

MICHAEL GRECCO PRODUCTIONS, INC., d/b/a "Michael Grecco Photography", a California corporation,

Plaintiff,

v.

LIVINGLY MEDIA, INC., a Delaware corporation; and DOES 1-10,

Defendants.

Case No.:

**PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**JURY TRIAL DEMANDED**

Plaintiff, Michael Grecco Productions, Inc. ("Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. Plaintiff MICHAEL GRECCO PRODUCTIONS, INC., d/b/a "Michael Grecco Photography", is a California corporation organized and existing under the laws of the state of California with its principal place of business at 3103 17th Street, Santa Monica, California 90405. Plaintiff's principal, Michael Grecco, is an award-winning commercial photographer noted for his iconic celebrity portraits, magazine covers, editorial images and advertising spreads.

5. Plaintiff is informed and believes and thereon alleges that Defendant LIVINGLY MEDIA, INC. ("LIVINGLY MEDIA") is a Delaware corporation organized and existing under the laws of the state of Delaware with its principal place of business at 201 Redwood Shores Parkway, Suite 300, Redwood City, California 94065.

6. Defendants DOES 1 through 10, inclusive, are other parties who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7.      Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages proximately caused thereby.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH 1

8.      Plaintiff owns an original photograph of Gillian Anderson and David Duchovny ("Subject Photograph 1") that was registered with the United States Copyright Office on September 8, 2003 with the Registration Number VA 1-232-596. Plaintiff is the sole owner of the exclusive rights to Subject Photograph 1.

9.      Plaintiff is informed and believes and thereon alleges that following its publication and display of Subject Photograph 1, LIVINGLY MEDIA, DOE Defendants, and each of them used Subject Photograph 1 without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as http://www.zimbio.com/Movies+and+TV+Shows+to Watch+If+You're+Obsessed+with+Netflix's+'Stranger+Things'.

10.   An image of Subject Photograph 1 and a screen capture of Defendant's website with Subject Photograph 1 embedded are set forth hereinbelow:

//

//

**Subject Photograph 1**



**Screen Capture**



COMPLAINT

## <u>CLAIMS RELATED TO SUBJECT PHOTOGRAPH 2</u>

11.     Plaintiff owns an original photograph of Gillian Anderson and David Duchovny ("Subject Photograph 2") that was registered with the United States Copyright Office on January 22, 2017 with the Registration Number  VA 2-030-741. Plaintiff is the sole owner of the exclusive rights to Subject Photograph 2.

12.     Plaintiff is informed and believes and thereon alleges that following its publication and display of Subject Photograph 2, LIVINGLY MEDIA, DOE Defendants, and each of them used Subject Photograph 2 without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as:

    a)  http://www.zimbio.com/TV+Shows+All+%27Stranger+Things%27+Fan
       atics+Will+Love/articles/MGU8Bz-H6m0/The+X+Files; and

    b)  http://www.zimbio.com/15+Amazing+Shows+You+Didn't+Know+You
       +Can+Watch+on+Hulu+Now/articles/15uPPAoUvhg/The+X+Files.

13.     An image of Subject Photograph 2 and a screen captures of Defendant's website with Subject Photograph 2 embedded are set forth hereinbelow:

### <u>Subject Photograph 2</u>



//
//

COMPLAINT

## Screen Captures



1

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH 3

2    14.    Plaintiff owns an original photograph of Gillian Anderson and David
3  Duchovny ("Subject Photograph 3") that was registered with the United States
4  Copyright Office on July 27, 2017 with the Registration Number  VA 2-063-319.
5  Plaintiff is the sole owner of the exclusive rights to Subject Photograph 3.

6    15.    Plaintiff is informed and believes and thereon alleges that following its
7  publication and display of Subject Photograph 3, LIVINGLY MEDIA, DOE
8  Defendants, and each of them used Subject Photograph 3 without Plaintiff's
9  authorization for commercial purposes in various ways, including, but not limited to,
10  the use on websites such as http://www.zimbio.com/quiz/TV?Page=6.

11    16.    An image of Subject Photograph 3 and a screen capture of Defendant's
12  website with Subject Photograph 3 embedded are set forth hereinbelow:

13

### Subject Photograph 3

14
15
16
17
18  
19
20

21  //

22  //

23
24
25
26
27
28

**Screen Capture**



## CLAIMS RELATED TO SUBJECT PHOTOGRAPH 4

17.     Plaintiff owns an original photograph of Lucy Lawless ("Subject Photograph 4") that was registered with the United States Copyright Office on July 7, 2010 with the Registration Number  VA 1-431-698. Plaintiff is the sole owner of the exclusive rights to Subject Photograph 4.

18.      Plaintiff is informed and believes and thereon alleges that following its publication and display of Subject Photograph 4, LIVINGLY MEDIA, DOE Defendants, and each of them used Subject Photograph 4 without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as http://www.livingly.com/Clever+Halloween +Costumes+Inspired+By+Badass+Females/articles/zzgus7Mzo-k/Xena +Warrior+Princess.

19.      An image of Subject Photograph 4 and a screen capture of Defendant's website with Subject Photograph 4 embedded are set forth hereinbelow:

//

//

8

COMPLAINT

1

**Subject Photograph 4**

2

3

4

5

6

7



8

9

10

11

12

**Screen Capture**

13

14

15

16

17



18

19

20

21

22

23   //

24   //

25

26

27

28

9

# FIRST CLAIM FOR RELIEF

### (For Copyright Infringement – Against all Defendants, and Each)

20.     Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

21.     Defendants, and each of them, had access to Subject Photograph 1, Subject Photograph 2, Subject Photograph 3, and Subject Photograph 4 (collectively, the "Subject Photographs"), through their publication by Grecco's clients, including USA Weekend Magazine, and through the unauthorized reproductions of the Subject Images by other third parties on the internet.

22.     Defendants, and each of them, infringed Plaintiff's copyright by copying, publishing, and displaying the Subject Photographs to the public, including without limitation, the websites listed above, without Plaintiff's authorization or consent.

23.     Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

24.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photographs in an amount to be established at trial.

25.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00)

per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against all Defendants, and Each:**

With Respect to Each Claim for Relief:

a.  That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Photographs, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Photographs from their respective websites, catalogs, marketing and advertisement materials.

b.  That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. §1203, and other applicable law.

c.  That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d.  That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

e.  That Plaintiff be awarded its costs and fees under the statutes set forth above;

f.  That Plaintiff be awarded statutory damages and/or penalties under the statues set forth above;

g.  That Plaintiff be awarded pre-judgment interest as allowed by law;

h.  That Plaintiff be awarded the costs of this action; and

i.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.


                                        Respectfully submitted,

Dated: January 6, 2020              By:  */s/ Stephen M. Doniger*
                                         Stephen M. Doniger, Esq.
                                         Frank Gregory Casella, Esq.
                                         DONIGER / BURROUGHS
                                         Attorneys for Plaintiff

COMPLAINT