Joshua Koltun (Bar No. 173040)
Attorney
1 Sansome Street
Suite 3500, No. 500
San Francisco, California  94104
Telephone:  415.680.3410
Facsimile:  866.462.5959
joshua@koltunattorney.com

Attorney for Defendant and Counterclaimant
Livingly Media, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC. /d/b/a "Michael Grecco Photography," a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LIVINGLY MEDIA, INC., a Delaware Corporation; and DOES 1-10,<br><br>　　　　Defendants. | Case No.: 2:20-c-00151 FMO (RAOx)<br><br>ANSWER and COUNTERCLAIM of DEFENDANT LIVINGLY MEDIA, INC.<br><br>JURY TRIAL DEMANDED |

Defendant and Counterclaimant Livingly Media, Inc. ("Livingly"), answers the complaint of Plaintiff and Counterdefendant Michael Grecco Productions, Inc. ("Grecco") and counterclaims as follows:

## *ANSWER*

1. Livingly admits that Grecco has instituted an action under the Copyright Act but denies the allegations (as stated herein) and denies that Grecco is entitled to the relief sought.

2. Livingly admits the allegations of paragraph 2.

3. Livingly admits the allegations of paragraph 3.

4. Livingly lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4. and on that basis denies them.

5. Livingly admits the allegations of paragraph 5.

6. Livingly lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and on that basis denies them.

7. Livingly lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and on that basis denies them.

### *Claims Related to Subject Photograph 1*

8. Livingly admits that Grecco filed the referenced copyright registration but otherwise lacks knowledge or information sufficient to form a belief as to the truth of statements in that registration, whether the Subject Photograph is among the photographs thereby registered, or as to the truth of the other allegations of paragraph 8 and on that basis denies them.

9. Livingly admits that it posted a copy of Subject Photograph 1 on the website specifically indicated and otherwise denied the allegations of paragraph 9.

10. Livingly admits that the Complaint sets forth in and following paragraph 10 an image of Subject Photograph 1 and a screen capture of Livingly's website.

### Claims Related to Subject Photograph 2

11. Livingly admits that Grecco filed the referenced copyright registration but otherwise lacks knowledge or information sufficient to form a belief as to the truth of statements in that registration, whether the Subject Photograph is among the photographs thereby registered, or as to the truth of the other allegations of paragraph 11 and on that basis denies them.

12. Livingly admits that it posted a copy of Subject Photograph 2 on the websites specifically indicated, lacks information as to whether or when Grecco ever published or displayed the Photograph, and otherwise denied the allegations of paragraph 12.

13. Livingly admits that the Complaint sets forth in and following paragraph 13 an image of Subject Photograph 2 and a screen capture of Livingly's websites.

### Claims Related to Subject Photograph 3

14. Livingly admits that Grecco filed the referenced copyright registration but otherwise lacks knowledge or information sufficient to form a belief as to the truth of statements in that registration, whether the Subject Photograph is among the photographs thereby registered, or as to the truth of the other allegations of paragraph 14 and on that basis denies them.

15. Livingly admits that it posted a copy of Subject Photograph 3 on the website specifically indicated, lacks information as to whether or when Grecco ever published or displayed the Photograph, and otherwise denied the allegations of paragraph 15.

16. Livingly admits that the Complaint sets forth in and following paragraph 16 an image of Subject Photograph 3 and a screen capture of Livingly's website.

### *Claims Related to Subject Photograph 4*

17. Livingly admits that Grecco filed the referenced copyright registration but otherwise lacks knowledge or information sufficient to form a belief as to the truth of statements in that registration, whether the Subject Photograph is among the photographs thereby registered, or as to the truth of the other allegations of paragraph 17 and on that basis denies them.

18. Livingly admits that it posted a copy of Subject Photograph 4 on the website specifically indicated, lacks information as to whether or when Grecco ever published or displayed the Photograph, and otherwise denied the allegations of paragraph 18.

19. Livingly admits that the Complaint sets forth in and following paragraph 19 an image of Subject Photograph 4 and a screen capture of Livingly's website.

### *[Grecco's] First Claim for Relief*

20. Livingly's responses to incorporated paragraphs are as stated above.
21. Livingly denies the allegations of paragraph 21.
22. Livingly denies the allegations of paragraph 22.
23. Livingly denies the allegations of paragraph 23.
24. Livingly denies the allegations of paragraph 24.
25. Livingly denies the allegations of paragraph 25.
26. Livingly denies the allegations of paragraph 26.

### *[Grecco's] Prayer for Relief*

Livingly denies that Grecco is entitled to the relief sought, or to any relief.

## *AFFIRMATIVE DEFENSES*

Livingly alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Failure to state a claim)

Grecco has failed to state a claim as to which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
(License)

Livingly was authorized by Grecco to engage in the allegedly infringing conduct.

### THIRD AFFIRMATIVE DEFENSE
(Fair Use)

Livingly's alleged conduct constitutes fair use.

### FOURTH AFFIRMATIVE DEFENSE
(Estoppel)

The Complaint is barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE
(Laches)

The Complaint is barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE
(Waiver)

The Complaint is barred by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE
(Unclean Hands)

Each and every cause of action in the Complaint is barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE
(Justification)

Livingly was justified in doing any or all of the acts alleged in the Complaint.

### NINTH AFFIRMATIVE DEFENSE
(Mitigation)

Grecco has failed, and continues to fail, to act reasonably to mitigate the damages alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE
(Standing)

Grecco lacks standing to assert that Livingly's conduct is outside the scope of licenses Grecco granted to the studios to freely distribute the subject photographs to the public via the media.

### ELEVENTH AFFIRMATIVE DEFENSE
(Fraud on the Copyright Office)

Grecco engaged in fraud on the Copyright Office in that he intentionally and fraudulently concealed the fact that the Subject Photographs were derivative works and that he was not the sole author of the Subject Photographs, and his omissions and misrepresentations were material in that in their absence registration would not have issued.

### TWELFTH AFFIRMATIVE DEFENSE
(Copyright Misuse)

Grecco is not entitled to damages or injunctive relief because its actions, including but not limited to its actions in filing the Complaint herein, constitute a misuse of the copyright.

Wherefore, Livingly respectfully requests that the Court enter judgment in its favor and award reasonable attorneys' fees and costs and such other relief as may be just.

## *COUNTERCLAIM FOR DECLARATORY RELIEF*

1. Livingly hereby realleges and incorporates by this reference the allegations/admissions of its answer and affirmative defenses above as though fully set forth herein.

2. Since the very beginning of the motion picture industry, following an industry practice that originated with theatrical producers, producers of films television shows would freely distribute still photographs through the media and others, including directly distributing photographs to fans. These photographs, commonly referred to as "handouts," would often include portraits of the characters in the films/shows, often on the sets of the films/shows. These still photographs would not necessarily be direct frames from the film/show itself, but might rather be a still photograph taken on the set of the show by a photographer commissioned for that purpose.

3. The industry practice of freely distributing "handouts," with no restriction on their republication, was to maximize publicity and public interest in the films/shows that were the subject of the handouts. Any effort to control or restrict the republication of such handouts would have inhibited their circulation and have defeated the purpose of the industry practice. The practice of using "handouts" was well understood in the industry. The entertainment industry has always taken a most liberal approach to publicity, in which even publicity that many would regard as negative was nevertheless considered desirable by the studios and their publicists (i.e. "No publicity is bad publicity.")

4. On information and belief, Grecco was, at the time the Subject Photographs at issue herein were taken, a photographer frequently commissioned by studios for the express purpose of taking such handout photographs on the sets of their television shows. He was fully aware of the industry practice concerning "handouts."

5. The Subject Photographs 1, 2 and 3 depict two leading characters (Mulder and Scully) from the television series "The X-files." Subject Photograph 4 depicts the leading character (Xena), from the television series "Xena, Warrior Princess." Although these television series were first broadcast many years ago, the studios continue to promote the shows and make them available to the public, for example through DVD rentals and streaming services.

6. On information and belief, Grecco does not claim to own the copyright in either of these TV series or in the characters Mulder, Scully, or Xena.

7. On information and belief Grecco was not the sole author of the Subject Photographs. On information and belief, Grecco was not the sole person involved in composing the Subject Photographs; at a minimum other people, not employed by Grecco, were involved in and/or solely responsible for the makeup, costume and set design and posing of the actors in character on the sets for the series.

8. On information and belief, Grecco was expressly commissioned by the respective studios owning the copyrights in the relevant shows and characters to take the Subject Photographs, as well as many other photographs, solely for the studio to use such photographs as "handouts" to be freely distributed to the public via the media and others.

9. On information and belief, to the extent that Grecco has any copyright interest in the Subject Photographs, he expressly and impliedly gave the respective studios an exclusive license to the Subject Photographs, and to all similar photographs. On information and belief, Grecco at a minimum gave an express and implied license to the studios to freely distribute the Subject Photographs, and similar photographs, as "handouts." Any media or other persons who obtained such photographs were the intended third party beneficiaries of such licenses, whether or not they directly received the photographs from the studios.

10. Livingly is a media company that displayed the handout photographs that are the subject of this lawsuit on the website URLs indicated in the

complaint. On information and belief, Livingly's use of the Subject Photographs was squarely within license expressly and impliedly granted that the Subject Photographs would be "handouts."

11. On information and belief, Grecco was fully aware that the photographs he took for the X-Files and Xena and other shows, were being freely distributed as "handouts." On information and belief, Grecco never objected to the studios doing so, at least not for many years after the fact.

12. Many years, sometimes decades, after the Subject Photographs (and other similar photographs) were taken, Grecco registered the photographs with the Copyright Office. Grecco then began to sue, and threaten to sue, media companies and other persons or entities that had published "handout" photographs for putative copyright infringement.

13. Grecco's lawsuits and threatened lawsuits directly interfere with and undermine publicity for the shows which are the subject of the handouts. In the case of the Subject Photographs, Grecco's claims of copyright infringement by Livingly directly interferes with and undermines publicity for the X-files and Xena television series.

14. On information and belief, if, at the time the studios had commissioned Grecco to take the Subject Photographs and other "handout" photographs, the studios had been aware that Grecco would interfere with and undermine their efforts to promote and publicize their shows, the studios would never have commissioned Grecco to take the photographs, nor would they have allowed him access to the sets to take such photographs. If in fact Grecco had such an intent at the time he took such photographs to claim the rights he now claims, he deliberately concealed that intent from the studios.

15. Grecco's long delay in registering the copyrights and asserting his copyright claims against persons publishing "handout" photographs greatly increased

the likelihood that relevant correspondence and documents in the hands of the studios would be lost or destroyed.

16. In 2019, Grecco through counsel asserted his copyright claims concerning the Subject Photographs against Livingly and made a demand for payment. Livingly removed the Subject Photographs from the URLs in question.

17. In communications between counsel Livingly asserted that it had been entitled to use the photographs, at a minimum because it was a third-party beneficiary of the license the studios had to use the photographs as "handouts." Counsel for Grecco conceded that the Subject Photographs were "handouts." However, counsel argued on various grounds that Livingly was not within the scope of any express or implied license that the studios' free distribution of such "handouts" created. Livingly's counsel did not find these arguments to be sound, and Grecco's counsel declined Livingly's invitation to provide any contemporaneous evidence that might have supported its arguments.

18. Because Livingly in good faith believes that it was entitled to use the Subject Photographs in the manner that it did, and because Livingly moreover believes that Grecco's calculation of putative damages was unsound and unreasonable, Livingly's counsel suggested that if Grecco seriously persisted in its views of the matter it was best that the parties obtain an adjudication from a court of the merits of their respective arguments.

19. Plaintiff's position in this dispute has created an actual, substantial and judicial controversy between Grecco and Livingly concerning whether Livingly was entitled to use the Subject Photographs, and other similarly situated photographs.

Wherefor, Livingly requests the Court to enter a judgment:

a. Holding that Livingly did not infringe any copyright rights of Grecco, as a result of the pubication of the Subject Photographs;

b. Holding that Livingly was entitled to use the Subject Photographs in the manner that it did, and would be entitled to similarly use similar "handout" photographs;

c. Awarding Livingly the costs of this action, together with reasonable attorneys' fees, and

d. Granting such other and further relief, legal and equitable to which Livingly is entitled.

### *Demand for Jury Trial*

Livingly hereby demands a trial by jury of all issues triable by jury.

Dated: January 31, 2019

\_\_\_\_\_\s\_____
Joshua Koltun
Attorney for Defendant
and Counterclaimant
Livingly Media, Inc.

Joshua Koltun ATTORNEY