1  Stephen M. Doniger (SBN 179314)
   stephen@donigerlawfirm.com
2  Scott A. Burroughs (SBN 235718)
   scott@donigerlawfirm.com
3  Kelsey M. Schultz (SBN 328159)
   kschultz@donigerlawfirm.com
4  DONIGER / BURROUGHS
5  603 Rose Avenue
6  Venice, California 90291
7  Telephone: (310) 590-1820

8  Attorneys for Plaintiff

9

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12

13  MICHAEL GRECCO PRODUCTIONS,        Case No: 2:20-cv-00151-DSF-PJW
    INC.,                              <u>Hon. Dale S. Fischer Presiding</u>
14
    Plaintiff,
15                                      **PLAINTIFF'S NOTICE OF MOTION
    v.                                  AND MOTION FOR SUMMARY
16                                      ADJUDICATION AS TO
17  LIVINGLY MEDIA, INC.; *et al.*,     DEFENDANTS' LIABILITY FOR
                                        COPYRIGHT INFRINGEMENT**
18  Defendants.
19  ─────────────────────────           **[Declarations of Stephen M. Doniger
20  LIVINGLY MEDIA, INC.,               and Michael Grecco; Statement of
                                        Uncontroverted Facts; [Proposed]
21  Counterclaimant,                    Order submitted herewith]**
22
    v.
23                                      Date:        April 5, 2021
24  MICHAEL GRECCO PRODUCTIONS,         Time:        1:30 p.m.
    INC.,                               Courtroom: 7D – 1st Street
25
26  Counterclaim Defendant.

27

28
                                   i
    **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION**

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 5, 2021 at 1:30 p.m. in Courtroom 7D located at 350 West 1st Street, Los Angeles, California 90012, Plaintiff Michael Grecco Productions, Inc., will and hereby does move, pursuant to Fed. R. Civ. P. 56, for summary adjudication of the liability for copyright infringement of Defendant Livingly Media, Inc.  Plaintiff also moves for summary adjudication as to the issues of Livingly Media, Inc.'s willful infringement and failure of its affirmative defenses.

This Motion is made on the grounds that there are no triable issues of fact in regard to: (1) Plaintiff's ownership of the Subject Photographs; (2) Defendants' access to and unauthorized copying of the Subject Photographs; and (3) Defendant's affirmative defenses and related counterclaim fail.

This motion is based on the attached Memorandum of Points and Authorities, the Statement of Uncontroverted Facts, the Declarations of Stephen M. Doniger and Michael Grecco filed herewith, the papers and evidence on file in this case, and such evidence and argument as may be received at the hearing. This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on February 18, 2021.  Declaration of Stephen M. Doniger ("Doniger Decl."), ¶ 1.

Respectfully submitted,

Dated: March 1 2021          By:     /s/ Stephen M. Doniger
                                             Stephen M. Doniger, Esq.
                                             Kelsey M. Schultz, Esq.
                                             DONIGER / BURROUGHS
                                             Attorneys for Plaintiff

ii

# **TABLE OF CONTENTS**

I.     INTRODUCTION……………………………………………………..1

II.    STATEMENT OF FACTS……………………………………………..1

III.   ARGUMENT…………………………………………………………..3

      A. Summary Judgment Standard…………………………………...3

      B. Defendant Infringed Grecco's Rights in the Subject Photographs……...4

          1. Grecco holds a valid copyright in the Subject Photographs……4

          2. Defendant copied the Subject Photographs……………………5

             i.     Defendant had access to the Subject Photographs...………5

             ii.    The Subject Photographs and Defendant's infringing

                 content are substantially similar…………………………...6

                  a. Grecco satisfies the extrinsic test…………………...7

                  b. Grecco satisfies the intrinsic test……………………9

      C. Defendant's Affirmative Defenses Fail………………………..10

          1. Defendant's license defense fails……………………………...10

          2. Defendant's affirmative defenses asserting equitable defenses

             fail……………………………………………………………..10

          3. The fair use defense fails……………………………………...11

          4. The statute of limitations defense fails………………………12

          5. The remaining affirmative defenses…………………………14

IV.    CONCLUSION………………………………………………………14

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION**

# <u>TABLE OF AUTHORITIES</u>

Page(s)

Cases

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ...................................................................................3

*Baxter v. MCA, Inc.*,
  812 F.2d 424 (9th Cir. 1987) ....................................................................5

*Bourne v. Walt Disney Co.*,
  68 F.3d 621 (2nd Cir.1995) .....................................................................10

*Campbell v. Acuff-Rose Music, Inc.*,
  510 U.S. 569 (1994) .................................................................................12

*Carson v. Dynegy, Inc.*,
  344 F.3d 446 (5th Cir. 2003) ..............................................................11, 12

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ...................................................................................3

*Eastern America Trio Products, Inc. V. Tang Electronic Corp.*,
  97 F. Supp. 2d 395 .....................................................................................4

*JBJ Fabrics, Inc. v. Mark Indus., Inc.*, No. 86-4881 FFF,
   1987 U.S. Dist. LEXIS 13445, at *9 (C.D. Cal. Nov. 4, 1987) .................9

*L.A. Printex Indus., Inc. v. Aeropostale, Inc.*,
  676 F.3d 841 (9th Cir. 2012)..................................................................5, 9

*Lipton v. Nature Co.*,
  71 F.3d 464 (2d Cir.1995)..........................................................................5

*Media Rights Techs., Inc. v. Microsoft Corp.*,
  922 F.3d 1014 (9th Cir. 2019)..................................................................13

*Pagano v. Chas. Beseler Co.*,
  234 F. 963 (S.D.N.Y.1916) ........................................................................4

*Pasillas v. McDonald's Corp.*,
  927 F.2d 440 (9th Cir. 1991)......................................................................6

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
  572 U.S. 663 (2014) .................................................................................10

*Polar Bear Productions Inc. v. Timex Corporation*,
  384 F.3d 700 (9th Cir. 2004).....................................................................13

*Rogers v. Koons*,
  960 F.2d 301 (2d Cir.1992) ....................................................................4, 7

*Saks v. Franklin Covey Co.*,
  316 F.3d 337 (2d Cir. 2003) ....................................................................10

*Selle*,
  741 F.2d 896 (7th Cir. 1984).......................................................................5

*Smith v. Jackson*,
  84 F.3d 1213 (9th Cir. 1996)...........................................................4, 5, 6, 7

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION**

*Stratchborneo v. Arc Music Corp.*,
   357 F.Supp. 1393 (S.D.N.Y.1973) ............................................................... 6

*Tarin v. County of Los Angeles*,
   123 F. 3d 1259 (9th Cir. 1997) .................................................................... 3

*Testa v. Janssen*,
   492 F. Supp. 198 (W.D. Pa.1980) ............................................................... 5

*Three Boys Music Corp. v. Bolton*,
   212 F.3d 477 (9th Cir. 2000) ............................................................... 4, 5, 6

*Twentieth Century- Fox Film Corp. v. MCA, Inc.*,
   715 F.2d 1327 (9th Cir. 1983) ..................................................................... 9

Statutes

17 U.S. Code § 107 ............................................................................... 11, 12

17 U.S.C. § 106 ............................................................................................ 4

Rules

Fed. R. Civ. P. 56 ........................................................................................ 2

v

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Michael Grecco is an award-winning commercial photographer noted for his iconic celebrity portraits, magazine covers, editorial images and advertising spreads. Michael Grecco is the principal of Plaintiff, Michael Grecco Productions, Inc. ("Plaintiff" or "Grecco"), a corporation through which Michael Grecco operates his photography business.  This case concerns the infringement of four (4) proprietary photographs (the "Subject Photographs") by Livingly Media, Inc. ("Defendant" or "Livingly") which used those images without authorization in four of the clickbait articles and quizzes through which it generates readers and revenues.

The Copyright Act was established to protect artists and encourage the creation of more art by bestowing upon a copyright holder – such as Grecco – numerous rights, including the right to financially benefit from its copyrighted works. Defendant has unquestionably violated those rights. Therefore, summary adjudication to establish its liability for infringement is warranted and this motion should be granted.

## II.   STATEMENT OF FACTS

Between July of 2016 and April of 2019, Livingly used four of Grecco's photographs without authorization in five different listicle articles and quizzes, pieces with titles such as "Are You Mulder or Scully from the X-Files" and "Costumes Inspired by Badass Females."  Statement of Uncontroverted Facts ("SUF") ¶ 1.  In this action, those photographs are styled Subject Photograph 1, Subject Photograph 2, Subject Photograph 3, and Subject Photograph 4.  SUF ¶ 2.

Subject Photograph 1 is an original photograph by Michael Grecco which depicts the X-Files characters, Mulder and Scully, as portrayed by David Duchovny and Gillian Anderson.  SUF ¶ 3.  In March of 1995, Plaintiff's client, USA Weekend, engaged Michael Grecco for an editorial photoshoot of the X-Files characters.  SUF ¶ 4.  Mr. Grecco retained all rights in Subject Photograph 1 other than a one-time North

1

America only publication, without the right to transfer to a third-party, reprint, or sell the image.  SUF ¶ 5.  Plaintiff obtained a written transfer of ownership from Michael Grecco for Subject Photograph 1 and registered that work with the United States Copyright Office on September 8, 2003 under Registration No. VA 1-232-596.  SUF ¶¶ 6.

Subject Photograph 2 is also an original photograph by Michael Grecco of the X-Files characters Mulder and Scully, as portrayed by David Duchovny and Gillian Anderson.  SUF ¶ 7.  Plaintiff obtained a written transfer of ownership from Michael Grecco for Subject Photograph 2 and registered that work with the United Copyright Office on January 22, 2017 under Registration No. VA2-030-741.  SUF ¶ 8.

Subject Photograph 3 is another original photograph by Michael Grecco of the X-Files characters, Mulder and Scully, as portrayed by David Duchovny and Gillian Anderson.  SUF ¶ 9.   Plaintiff obtained a written transfer of ownership from Michael Grecco for Subject Photograph 3 and registered that work with the United Copyright Office on July 27, 2017 under Registration No. VA 2-063-319.  SUF ¶ 10.

Subject Photograph 4 is an original photograph by Michael Grecco which depicts the Xena the Warrior Princess character, as portrayed by Lucy Lawless.  SUF ¶ 11.  Plaintiff obtained a written transfer of ownership from Michael Grecco for Subject Photograph 4 and registered that work with the United Copyright Office on July 7, 2010 under Registration No. VA 1-431-698.  SUF ¶ 12.

In December of 2019, Plaintiff learned of Defendant's unauthorized use of the Subject Photographs on its websites (the "Infringing Content").  SUF ¶ 13.  Despite its written policies instructing its employees not to use images if the original source is not available, and not to publish photographs without source information, Defendant did just that with each of Grecco's Subject Photographs.  SUF ¶ 14.  Indeed, Defendant's employees admitted that they would regularly search for images on Google, and if the image "appeared" to them to be promotional (based on upon uncertain and indefinite criteria) they felt entitled to use the images on Defendant's

2

websites.  SUF ¶ 15.  There is no dispute that Defendant accessed and used the Subject Photographs.  SUF ¶ 16.

After Grecco notified Livingly of the infringement, Livingly's employees began a review of Livingly' s sites to identify any unauthorized postings.  SUF ¶ 17. In discovery, they admitted to knowing that old posts were "messed up" and that certain images would need to be "swapped" for new images.  SUF ¶ 18.  Further, Defendant's former editor, who used Subject Photograph 1, informed her colleagues that she was searching her records to determine if Subject Photograph 1 may have been in a press kit from Fox Corporation ("Fox"), while simultaneously conceding that Subject Photograph 1 would not be in a Fox press kit because "that is not how it works."  SUF ¶ 19.

There can be no dispute that Livingly infringed the Subject Photographs, or that said infringement was reckless. So owing, this Plaintiff's motion should be granted.

## III.   ARGUMENT

### A.   Summary Judgment Standard

Summary judgment must be granted if the evidence, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact.  Fed. R. Civ. P. §56(c); *Tarin v. County of Los Angeles*, 123 F. 3d 1259, 1263 (9th Cir. 1997).  The moving party must shift the burden by presenting evidence to establish the absence of any issues of material fact, and the non-moving party must provide specific facts that create a material issue.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  A mere scintilla of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the [non-movant]."  *Id*. (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986)).  Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

3

No genuine issue of material fact exists as to Grecco's ownership of the Subject Photographs, Defendant's unauthorized copying of the Subject Photographs, the recklessness of Defendant's copying, and the failure of Defendant's affirmative defenses. As such, this motion should be granted.

**B.    Defendant Infringed Grecco's Rights in the Subject Photographs**

The Copyright Act grants a copyright owner the exclusive right to "reproduce, distribute, and publicly display copies of the work." 17 U.S.C. § 106.  To succeed on its copyright infringement claims, Grecco need only establish (1) ownership of the Subject Photographs; and (2) infringement—that Defendant copied elements of the Subject Photographs.  *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000) (citing *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996)).  Grecco establishes copying by showing that Defendant had an opportunity to "access" the Subject Photographs and that the Subject Photographs and Defendant's Infringing Content are "substantially similar."  *Id.*

1.    *Grecco holds a valid copyright in the Subject Photographs*

Grecco holds a valid copyright registration for each of the Subject Photographs. Livingly cannot present any evidence to rebut the fact that Grecco took the Subject Photographs, and retains the copyright in them. SUF ¶¶ 3, 5, 6-12.

As the photographer, Michael Grecco translated his idea into a fixed tangible medium of expression, and thereby owns the copyrights in each of the Subject Photographs. *See, e.g., Rogers v. Koons*, 960 F.2d 301, 307 (2d Cir.1992) ("Elements of originality in a photograph may include posing the subjects, lighting, angle, selection of film and camera, evoking the desired expression, and almost any other variant involved.");  *Eastern America Trio Products, Inc. V. Tang Electronic Corp.*, 97 F. Supp. 2d 395, 417 (photographs of "common industrial items" including electrical products); *Pagano v. Chas. Beseler Co.*, 234 F. 963, 964 (S.D.N.Y.1916) (photograph of a scene including the New York Public Library).

Michael Grecco then assigned all right in the Subject Photographs to Plaintiff. No other party was ever lawfully assigned the copyright in the Subject Photographs, and there can thus be no material dispute regarding the first element of Grecco's claim. This Court should thus adjudicate Grecco's ownership of a valid copyright in the Subject Photographs.

### 2. *Defendant copied the Subject Photographs*

Copying is proven by showing that: (1) the Defendant had a reasonable opportunity to view or access the copyrighted material; and (2) Defendant's works and Plaintiff's work are substantially similar. *Three Boys Music Corp.*, 212 F.3d at 486. As set forth below, Grecco easily satisfies both of these prongs.

### i. *Defendant had access to the Subject Photographs*

To establish access, Grecco need only establish that Defendant had a "reasonable opportunity" to "view the plaintiff's work." *Three Boys Music Corp.*, 212 F.3d at 482 (citing 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright, §13.02[A], at 13-19 (1999)).  This can be done by establishing either a chain of events linking the two works or widespread dissemination of plaintiff's work. *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846-47 (9th Cir. 2012).  Access can also be established by showing that photographs are strikingly similar.[1]  To establish striking similarity, Grecco "must demonstrate that such similarities are of a kind that can only be explained by copying, rather than by coincidence, independent creation, or prior common source." *Testa v. Janssen*, 492 F. Supp. 198, 203 (W.D. Pa.1980) (quoting *Stratchborneo v. Arc Music Corp.*, 357

---

[1] *Lipton v. Nature Co.*, 71 F.3d 464, 471 (2d Cir.1995)(when two images are "so strikingly similar as to preclude the possibility of independent creation, copying may... be proved without a showing of access.") (citing *Smith,* 84 F.3d at 1220, and *Baxter,* 812 F.2d at 424, n. 2 ("Proof of striking similarity is an alternative means of proving 'copying' where proof of access is absent"), *cert. denied*, 484 U.S. 954 (1987)); *Selle v.Gibb*, 741 F.2d 896, 903 (7th Cir. 1984) (a striking similarity is one sufficiently unique or complex as to make it unlikely that it was independently created).

5

1  F.Supp. 1393, 1403 (S.D.N.Y.1973)).

2      Here, Defendant's employees admitted to conducting a Google search for

3  images and frequently using images form such a search, and a cursory Google image

4  search of the "X-Files" returns Subject Photographs 1, 2, and 3.  Moreover,

5  Defendant admitted to having access to and accessing the Subject Photographs in its

6  discovery responses.  Indeed, there can be no real question that the Subject

7  Photographs were accessed because they appear in the Infringing Content such that

8  the works are strikingly similar.  Notably, Livingly has presented no evidence of

9  independent creation of any other source. There is thus no reasonable dispute as to

10  access.

11          ii.  *The Subject Photographs and Defendant's infringing content are*

12              *substantially similar*

13      A comparison of the Subject Photographs and the Infringing Content reveals

14  that the images are not only substantially similar, they are the same.

15      Substantial similarity is established by showing extrinsic and intrinsic

16  similarity between the works at issue.  *Three Boys Music Corp*., 212 F.3d at 485.

17  The extrinsic test requires Desire to "identify concrete elements based on objective

18  criteria."  *Id*. (citing Smith, 84 F.3d at 1218).  The intrinsic test asks, "whether the

19  ordinary, reasonable person would find the total concept and feel of the works to be

20  substantially similar."  *Id.* (quoting *Pasillas v. McDonald's Corp*., 927 F.2d 440, 442

21  (9th Cir. 1991).

22      As noted above, and further explained below, there is no real question that

23  Livingly used the Subject Photographs and thus Grecco easily establishes substantial

24  similarity under both the extrinsic and intrinsic tests.

25  //

26  //

27  //

28  //

6

**PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION**

*a. Grecco satisfies the extrinsic test*

The extrinsic test "break[s] the works down into their constituent elements, and compar[es] those elements for proof of copying." *Jackson*, 84 F.3d at 1218.  In comparing photographs courts look to the "posing the subjects, lighting, angle, selection of film and camera, evoking the desired expression, and almost any other variant involved."  *Rogers v. Koons*, 960 F.2d 301, 307 (2d Cir.1992).  A comparison of the Subject Photographs and the Infringing Content illustrates that the objective details comprising the Subject Photographs have been copied.  Indeed, the Infringing Content is identical in elemental composition of the Subject Photographs.

**Subject Photograph 1**

The constituent elements and arrangements of the characters in the photographs are the same.  These similarities are especially striking—with the characters, Mulder and Scully, remaining completely unchanged across both photographs.

In both photographs Mulder is extending his right arm overhead while holding a lit flashlight which shines directly into the camera.  Scully is also seen with a flashlight, this one not lit, which protrudes from the bottom right corner of the frame toward her head.  Both characters gaze directly into the camera while the light from the flashlight illuminates their faces, evoking a deep contrast from their dark colored suits and the cyan colored walls behind them.  The characters have been placed in the corner of a room with two walls behind them which also have an uneven surface texture.  Overall, the placement of the characters, props, and lighting are nearly, if not exactly, identical.

**Subject Photograph 2**

Similarly, here the constituent elements and arrangements of the characters in the photographs are the same.  These similarities are especially striking—with the characters, Mulder and Scully, again remaining completely unchanged across both photographs.

**PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION**

In both images the characters Mulder and Scully are seen in a crime lab with Scully at the forefront of the frame and Mulder slightly behind her left side.  Scully's right arm is stretched across a desk as she appears to be pushing a piece of paper toward Mulder.  The characters costumes, hairstyles, and makeup are identical with Mulder in collared shirt and tie, and Scully in a burgundy top and bottom.  Three x-ray images appear behind Scully's back on the bluish hued wall, one of which depicts the lungs of a subject.  A lamp hangs overhead from the right corner of the frame which casts both a glow and shadow across the characters.  There is a microscope on the desk as well as various lab equipment to the right of Mulder. Again, the placement of the photographs subjects and props reveals to be near identical.

**Subject Photograph 3**

In the third and final "X-Files" photograph the constituent elements and arrangements of the characters in the photographs are again the same.  These similarities are especially striking—with the characters, Mulder and Scully, remaining completely unchanged across both photographs yet again.

In both Subject Photograph 3 and the Infringing Content, Mulder and Scully are arranged side by side with Mulder on the right and Scully on the left.  They both face slightly inward toward one another, while their faces are turned to gaze into the camera.  They both are dressed in trench coats, Mulder's black and Scully's khaki, with Scully's arms crossed and Mulder's in his pockets.  They hold a somber and serious expression, and again the makeup and hair are near identical.  The background is similar in color to Scully's coat, but the lighting casts shadows across the backdrop and the character's faces.  The images are devoid of props, so the focus remains on the title characters.  The arrangement of the characters, selection of lighting, and character's expression reveals that the Infringing Content is a near identical, if not identical, copy of Subject Photograph 3.

**Subject Photograph 4**

As with the previous photographs, it is clear that Subject Photograph 4 is used

in the Infringing Content. The substantial similarity between the position of the character Xena and the set design remaining unchanged—the character Xena is staged in the center and forefront of the frame.  Xena is standing upright with a sword in her right hand and her left arm concealed behind her body.  She is dressed in her traditional Xena costume of leather boots and dress, with her long black hair hanging over her shoulders and chest.  Xena gazes off in the distance as if surveying her surroundings.  There is dark green foliage on either side of Xena as mist swirls along the ground and floats up in the cavernous background.  A strong burst of white light protrudes from the back left frame while an unseen light ensures Xena's face is well lit.  The staging and placement of Xena reveals that the images are unambiguously substantially similar.

* * *

Thus, given the infinite ways one could choose to pose the subjects, to use lighting, angles, and selection of film and camera, as well as desired expressions of the subjects, the similarities between the Subject Photography and Infringing Content establishes copying.  The extrinsic test is satisfied as to each of the Subject Photographs.

### b.  Grecco satisfies the intrinsic test

Grecco also satisfies the "intrinsic test" because any ordinary, reasonable observer would find the "total concept and feel of the works" to be substantially similar.  *L.A. Printex Industries, Inc*., 676 F.3d at 848.  While the intrinsic test is considered subjective, the Court must still grant summary judgment if the moving party has shown that "the works are so overwhelmingly identical that the possibility of independent creation is precluded."  *Twentieth Century- Fox Film Corp. v. MCA, Inc*., 715 F.2d 1327, 1330 (9th Cir. 1983).  Here, the only conclusion a trier of fact can reach is that the "expression" of the works undoubtedly "evoke[s] a feeling of sameness."  *JBJ Fabrics, Inc. v. Mark Indus., Inc*., No. 86-4881 FFF, 1987 U.S. Dist. LEXIS 13445, at *9 (C.D. Cal. Nov. 4, 1987).

A review of the Subject Photographs reveals the works' substantially similarity concept and feel.  The distinctive stylistic and arrangement of characters in the Subject Photographs, with its intricate shading, layering, arrangement, and styling of the respective characters, clearly evokes specific and unique motif — a total concept and feel that is present in the Infringing Content.  Given Grecco's evidence of ownership and Livingly's admission of access, summary judgment should be granted.

## C.  Defendant's Affirmative Defenses Fail

Defendant's affirmative defenses and counterclaim are not viable and should be summarily adjudicated.  Initially, many of its affirmative defenses are not proper affirmative defenses, but rather are denials of Plaintiff's claims.  An affirmative defense is an assertion raising new facts and arguments that, if true, will defeat Plaintiff's claim, even if allegations in the complaint are true.  *See, Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003).  And affirmative defenses must be specifically pled or are waived.  *Id*.

### 1.  *Defendant's license defense fails*

Defendant's second affirmative defense, that it "was authorized by Grecco to engage in the allegedly infringing conduct" fails.  Defendant bears the burden of proving the existence of a license that allowed for the infringing uses. *Bourne v. Walt Disney Co.*, 68 F.3d 621, 631 (2nd Cir.1995).  Livingly cannot do so for any uses because it has no evidence that it obtained a license from either Grecco or anyone else authorized to grant such a license.

### 2.  *Defendant's affirmative defenses asserting equitable defenses fail*

Defendant also proffers a smattering of equitable defenses ("estoppel, waiver, laches and/or unclean hands") that fail as a matter of law and for want of evidence.  For example, it settled that laches is unavailable as an affirmative defense.  *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 667 (2014).

For estoppel and waiver, Defendant would need to establish: (1) knowledge by the plaintiff of the defendant's infringing acts; (2) the plaintiff's intention that the

10

defendant rely on its acts or omissions or the defendant's right to believe that it was intended to rely on the plaintiff's conduct; (3) the defendant's ignorance of the true facts; and (4) the defendant's detrimental reliance on the plaintiff's conduct. *Carson v. Dynegy, Inc.* 344 F.3d 446, 453 (5th Cir. 2003). In this case, Defendant has no evidence of knowledge by Grecco of Defendant's infringing acts, and no basis to claim Livingly had a right to rely on his conduct or that they did in fact rely in any way on his conduct. So owing, summary adjudication on this affirmative defense is appropriate.

Finally, the affirmative defenses of unclean hands, fraud on the Copyright Office, and standing fail. Defendant's arguments appear to be that Grecco has falsely claimed ownership of the copyright in the Subject Photography, but if Defendant is correct then that is a defense (because ownership is an element of Grecco's claim), not an affirmative defense. And if Defendant is incorrect—and Grecco in fact owns the copyright in the Subject Photographs — then Defendant's theory cannot establish an affirmative defense based on unclean hands, fraud on the Copyright Office, and standing

### 3. *The fair use defense fails*

Defendant's affirmative defense of fair use also fails because Defendant's infringing use of the Subject Photographs was not for criticism, comment, news reporting, teaching, scholarship, or research (17 U.S. Code § 107), but rather for Defendant's monetary gain. Defendant wrongfully used the entirety of the Subject Photographs to generate advertising on its websites, and in doing so, Defendant harmed the potential market for the Subject Photographs. Moreover, Grecco was afforded the opportunity to create the Subject Photographs based on his artistic talent and prestigious reputation which has taken years of hard work and determination to cultivate. Thus, Defendant's affirmative defense of fair use fails.

Section 107 of the Copyright Act provides that the "fair use of a copyrighted work… for purposes such as criticism, comment, news reporting, teaching (including

11

1  multiple copies for classroom use), scholarship, or research, is not an infringement of

2  copyright."   17 U.S. Code § 107.  In determining whether use is "fair," Section 107

3  offers four non-exclusive factors to consider, including: (1) the purpose and character

4  of the use, including whether such use is of a commercial nature or is for nonprofit

5  educational purposes; (2) the nature of the copyrighted work; (3) the amount and

6  substantiality of the portion used in relation to the copyrighted work as a whole; and

7  (4) and the effect of the use upon the potential market for or value of the copyrighted

8  work.  *Id*.  Of these factors, courts tend to view the fourth as the most important, and

9  will look to see how much the market value of the copyrighted work is affected by

10  the use in question.  *See, Campbell v. Acuff-Rose Music, Inc.* 510 U.S. 569, 590

11  (1994).  This factor will weigh in favor of the copyright holder if "unrestricted and

12  widespread" use similar to the one in question would have a "substantially adverse

13  impact" on the potential market for the work.  *Id.*

14          Each of the factors to be considered strongly cuts against a finding of fair use.

15  First, Livingly's websites are commercial media ventures which generate advertising

16  dollars by creating "pop culture" listicle articles and quizzes. Second, Grecco's work

17  is not only the product of significant artistic expression, but was only obtained

18  through access that his prestige as a premier photographer was able to secure. Third,

19  Livingly used the entirety of each photograph, and did so without credit to Grecco.

20  Finally, as a professional photographer /licensing company Grecco depends on its

21  ability to license its images for uses such as those at bar — "unrestricted and

22  widespread" use similar to the one in question would clearly have a "substantially

23  adverse impact" on the potential market for the work. No reasonable fact finder could

24  conclude that the uses at issue were "fair."  So owing, summary adjudication on this

25  affirmative defense is appropriate.

26          4.   *The statute of limitations defense fails*

27          Two of the four photographs were first infringed by Livingly less than three

28  years before this action was filed, so the statute of limitations defense fails as a matter

12

**PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION**

1    of law as to those. With respect to, Subject Photographs 1 and 3 (which were first

2    posted 2016), there is no evidence that Plaintiff knew or could reasonably have

3    known of that infringement before 2019 and thus the defense fails as to that claim as

4    well.

5            "Under the 'discovery rule,' a copyright infringement claim accrues—and the

6    statute of limitations begins to run—when a party discovers, or reasonably should

7    have discovered, the alleged infringement." *Media Rights Techs., Inc. v. Microsoft*

8    *Corp.*, 922 F.3d 1014, 1022 (9th Cir. 2019) (citing *Polar Bear*). And under that rule,

9    damages may be recovered *beyond* the statutory three-year window so long as

10   plaintiff lacked knowledge of the infringement at the time the infringing activity took

11   place and that lack of knowledge was reasonable under the circumstances. As the

12   *Polar Bear* court explained:

13               the statute of limitations does not prohibit recovery of damages
                 incurred more than three years prior to the filing of suit if the
14               copyright plaintiff was unaware of the infringement, and that
                 lack of knowledge was reasonable under the circumstances.
15               Without the benefit of tolling in this situation, a copyright
                 plaintiff who, through no fault of its own, discovers an act of
16               infringement more than three years after the infringement
                 occurred would be out of luck. Such a harsh rule would distort
17               the tenor of the statute. Section 507(b), like all statutes of
                 limitations, is primarily intended to promote the timely
18               prosecution of grievances and discourage needless delay.    It
                 makes little sense, then, to bar damages recovery by copyright
19               holders who have no knowledge of the infringement…

20

21

22   *Polar Bear Productions Inc. v. Timex Corporation 10*, 384 F.3d 700,706

23   (9th Cir. 2004).

24           Here, Grecco learned of Defendant's infringement on December 24, 2019

25   (SUF ¶ 13) and commenced this action on January 6, 2020.  Thus, Defendant's

26   affirmative defense fails.

27   //

28   //

**PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION**

5. *The remaining affirmative defenses*

Defendant's remaining affirmative defenses of failure to state a claim, justification, mitigation, and copyright misuse equally fail as a matter of law because Defendant has not – because it cannot – proffer evidence substantiating its baseless defenses. Grecco has plead and summarily proven Defendant's unjustified infringement of his copyright protected works.  Defendant has not put forth any colorable evidence proving a viable defenses of failure to state a claim, justification, mitigation, and copyright misuse

**IV.    CONCLUSION**

Grecco respectfully requests that the instant motion be granted, and the following findings be entered: (1) Grecco owns the Subject Photographs; (2) Defendant had access the Subject Photographs; (3) Defendant created, published, and monetized the Infringing Content which is substantially similar to the Subject Photographs; (4) Defendant is liable for copyright infringement; (5) Defendant willfully infringed Desire's rights in the Subject Design; and (6) each of Defendant's affirmative defenses fail.

Respectfully submitted,

Dated: March 1, 2021          By:   */s/ Stephen M Doniger*
                                    Stephen M. Doniger, Esq.
                                    Kelsey M. Schultz, Esq.
                                    DONIGER / BURROUGHS
                                    Attorneys for Plaintiff

**PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION**