Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Kelsey M. Schultz (SBN 328159)
kschultz@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> LIVINGLY MEDIA, INC.; *et al.*, <br><br> Defendants. | Case No: 2:20-cv-00151-DSF-PJW <br> *Hon. Dale S. Fischer Presiding* <br><br><br> **DECLARATION OF STEPHEN M. DONIGER, ESQ. IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| LIVINGLY MEDIA, INC., <br><br> Counterclaimant, <br><br> v. <br><br> MICHAEL GRECCO PRODUCTIONS, INC., <br><br> Counterclaim Defendant. | <br> Date:          April 5, 2021 <br> Time:          1:30 p.m. <br> Courtroom: 7D – 1st Street |

DECLARATION OF STEPHEN M. DONIGER, ESQ.

## DECLARATION OF STEPHEN M. DONIGER, ESQ.

I, Stephen M. Doniger, Esq., declare as follows: I am an attorney duly licensed to practice before all courts in the State of California and am the founding attorney at Doniger/Burroughs, attorneys for Plaintiff Michael Grecco Productions, Inc. ("Grecco").  The facts set forth below are of my own personal knowledge and if called as a witness, I could and would competently testify thereto.

1. Attached hereto as **Exhibit 1** is a true and correct copy of portions of the deposition of Livingly's television editor, Areeba Abid, that provides the following information:

   a. 11:12-12:2 – The post utilizing Subject Photograph 1 was a marketing post meant to generate money for Defendant.

   b. 15:10-15:26 – Areeba Abid wrote the post utilizing Subject Photograph 1 and selected the image for the post.

   c. 18:14-18:25; 22:6-23:8 – Press kits from the "X-Files" are no longer on Fox's press website because the show is no longer on the air.  If a press kit is not available Areeba Abid will use Google to search for promotional images.

   d. 47:22-48:23 – Defendant's post utilizing Subject Photograph 2 was a marketing piece.

2. Attached hereto as **Exhibit 2** is a true and correct copy of portions of the deposition of Livingly's former executive director of Zimbio.com, Lani Conway, that provides the following information:

   a. 26:7-26:21 – Lani Conway would conduct Google searches to source images for her posts and if she believed the images were "promotional" she would use them.

    b. 33:6-12 – Lani Conway did not attempt to discern who the photographer was for an image because she believed if it looked promotional the production company owned the photograph.

3. Attached hereto as **Exhibit 3** is a true and correct copy of Livingly's photograph policies (Bates Nos. LIV00001-LIV00025), establishing the following information:

    a. Images should not be used without their source information (Bates No. LIV00005);

    b. If an original source cannot be found the image should not be used (Bates No. LIV00005).

    c. Photographs from professional photographers "who make their money with these photos" should not be used (Bates No. LIV00005).

    d. "When in doubt, reach out and get explicit permission to use a photograph] on [Livingly's] [web]site" (Bates No. LIV00013).

    e. Photographs should be given the proper credit to the copyright holder (Bates No. LIV00030).

4. Attached hereto as **Exhibit 4** is a true and correct copy of Livingly's New Copyright Violation Procedures established on July 31, 2017 (Bates Nos. – LIV00056-LIV00057), establishing the following company procedure: "If we do not have a license, we will look for arguments to support low settlement amount ($20-$2,000)."

5. Attached hereto as **Exhibit 5** is a true and correct copy of portions of the deposition of Livingly's former associate editor and a senior associate editor of Livingly, Kimia Madoni, that provides the following information:

    a. 24:11-24:20 – Livingly was sued prior to the instant case by another photographer for publishing a photograph from said professional photographer's website.

b. 28:1-29:5 – After the lawsuit (but before the instant suit), Livingly instructed its employees to be more careful when selecting photographs for its websites.

6. Attached hereto as **Exhibit 6** is a true and correct copy of Livingly Employee's Messages (Bates Nos. LIV00105- LIV00112) establishing the following information:

a. Employees did a "sweep" of Livingly's websites for Grecco's photographs.

b. Employees are aware of past posts that they need to correct because of the images used.

c. Employee, Lani Conway concedes that there was no press kit available for the X-Files where she could have obtained Subject Photographs 1-3.

7. Attached as **Exhibit 7** is a true and correct copy of the Declaration of Scott Whiteleather, Vice President of Twentieth Century Fox Film Corporation ("Fox"). Therein Mr. Whiteleather declares that Fox has, nor ever had access to the Subject Photographs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 15, 2021 in Venice, California.

By:    */s/Stephen M. Doniger*
Stephen M. Doniger
Declarant